IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LISA K. NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:14-cv-00903-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

    Plaintiff, Lisa K. Nelson (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. § 423. After a careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on June 16, 2016, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and is free from harmful legal error. The decision is, therefore, **AFFIRMED**.

## ISSUES PRESENTED

    Plaintiff argues that the administrative law judge (ALJ) erred because she did not find Plaintiff's depression or anxiety to be "severe" impairments at step two of the sequential

evaluation process; she afforded "little" weight to Dr. Lewis's October 2013 opinion; she found Plaintiff's subjective statements not entirely credible; and she found Plaintiff could perform her past work as a food clerk and hand packager (Plaintiff's Brief (Pl. Br.) 5-16). The court does not find Plaintiff's arguments persuasive.

## STANDARD OF REVIEW

This court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation and citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). Upon review, this court "should, indeed must, exercise common sense" and not "insist on technical perfection." *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## BACKGROUND

Plaintiff claimed she became disabled on July 1, 2009, due to degenerative disc disease, psoriatic arthritis, depression, anxiety, gastrointestinal issues, and headaches (Certified Administrative Transcript (Tr.) 228-29). She had at least a high school education and worked in the relevant past in customer service, as a bartender, on an assembly line, in a grocery store deli, and as a fast food worker (Tr. 230, 254-60). The ALJ followed the five-step sequential evaluation process for evaluating disability claims (Tr. 12–20). *See generally* 20 C.F.R.

§ 404.1520(a)(4). In performing this evaluation, the ALJ found that Plaintiff's claims of completely disabling limitations were not entirely believable and that she retained an residual functional capacity (RFC) to perform a range of light work (sit, stand, or walk for six hours each in an eight-hour workday; lift and carry 20 pounds occasionally and 10 pounds frequently) with occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling (Tr. 84). Considering this RFC, the ALJ determined—consistent with vocational expert testimony—that Plaintiff was capable of performing her past work as a food sales clerk and a hand packager (Tr. 89). The court finds that the ALJ's factual findings are supported by substantial evidence in the record and that the correct legal standards were applied.

**A.     The ALJ did not err at step two of the sequential process by not including Plaintiff's depression or anxiety as "severe" impairments.**

Plaintiff argues that the ALJ erred by discounting her depression or anxiety. This court is not persuaded by Plaintiff's argument. The severity finding at step two is merely a threshold showing that must be made by a claimant so as to require the sequential analysis to continue. Once the claimant shows that she has *any* "severe" impairment at step two, as she did here, the ALJ proceeds with the sequential evaluation process and considers all impairments, both severe and nonsevere. *See* 20 C.F.R. §§ 404.1520(c), 404.1523; *Hill v. Astrue*, No. 07-4226, 2008 WL 3339174 (10th Cir. Aug. 12, 2008) (unpublished) ("Once the ALJ finds that the claimant has *any* severe impairment, he has satisfied the analysis for purposes of step two.") (emphasis in original); *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("Nevertheless any error [in not finding a specific impairment "severe" at step two] here became harmless when the ALJ reached the proper conclusion that Ms. Carpenter could not be denied benefits conclusively at

step two and proceeded to the next step of the evaluation sequence.") (remanded on other grounds).

In this case, the ALJ found that Plaintiff experienced, at worst, mild symptoms from her medically determinable mental impairments. The evidence in the record supports the ALJ's conclusion. Dr. Hardy opined that depression and anxiety were of "mild proportions and very much situationally bound to her prior living environment" (Tr. 563). And medical records often showed that Plaintiff's mental impairments were controlled with medication and situationally exacerbated (*see*, *e.g.*, Tr. 392, 394, 531-32). *See*, *e.g.*, *Wall v. Astrue,* 561 F.3d 1048, 1052 (10th Cir. 2009) (the court's determination of whether the ALJ's ruling is supported by substantial evidence must be based on the record as a whole).

This court also rejects Plaintiff's assertion that the ALJ did not include Dr. Hardy's "diagnosed adjustment reaction with depressed mood and anxiety and pain disorder" in the RFC (Pl. Br. 15). While Dr. Hardy made these diagnoses, the ALJ found at step two that Plaintiff's alleged mental impairments were not "severe"—i.e., did not impose significant vocationally relevant limitations—and also explained that she considered the evidence of Plaintiff's non-severe impairments when assessing Plaintiff's RFC (Tr. 85). Further, Dr. Hardy did not impose any vocational limitations on Plaintiff based on her mental impairments (Tr. 559-63). And Plaintiff does not articulate what limitations the ALJ should have included, but did not. *Keyes-Zachary*, 695 F.3d 1156, 1161 ("We will consider and discuss only those of [plaintiff's] contentions that have been adequately briefed for our review.").

Regardless, any error is rendered harmless because the ALJ found that Plaintiff could not be denied benefits conclusively at step two and she proceeded to the next step. But with respect to subsequent steps of the sequential evaluation, Plaintiff failed to show that she had functional limitations from these impairments in excess of those the ALJ included in her RFC assessment. *See, e.g.*, *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (ALJ is only required to include limitations that he finds supported by the record). But the ALJ found that Plaintiff had no mental limitations (Tr. 84). And the vocational expert testified that a hypothetical individual with the same RFC as Plaintiff could perform her past work as a sales clerk food and a hand packager, the latter which was categorized as unskilled work (Tr. 89, 129). Thus, Plaintiff has failed to show harm from the ALJ's alleged error in not finding her mental impairments to be separate severe impairments at step two. *See Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009) (recognizing that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-35 (10th Cir. 2005) (applying principle of harmless error to ALJ's step three determination); *St. Anthony v. U.S. Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002) ("[T]he party challenging the action below bears the burden of establishing that the error prejudiced the party.").

**B.     The ALJ did not err by giving Plaintiff's treating medical provider's opinion little weight.**

The ALJ articulated specific and valid reasons for giving Dr. Randal Lewis's October 2013 opinion little weight, including the fact that Dr. Lewis's opinion was not timely, and the opinion was inconsistent with his own treatment notes (Tr. 87). *See* 20 C.F.R. § 404.1527(c)(4) (stating that an ALJ may consider consistency), (6) (stating an ALJ may consider other factors

when assessing the weight to give to a medical source opinion); *see also* Social Security Ruling (SSR) 83-20, 1983 WL 31249, at *1 (in order to receive DIB benefits a claimant must show that she had insured status during the same time period in which the evidence establishes disability), at *8 ("Under Title II, a period of disability cannot begin after a worker's disability insured status has expired."); *Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004) (medical evidence beyond the date last insured may be considered to the extent it sheds light on the nature and severity of claimant's condition during the relevant time period).

Acknowledging that her insured status expired prior to the opinion, Plaintiff asks this court to re-evaluate the facts by listing the x-ray and MRI results that allegedly support the opinion (Pl. Br. 10-11). While these objective findings corroborate that Plaintiff had degenerative disc disease (an impairment the ALJ found to be "severe"), these findings do not support the extreme limitations imposed by Dr. Lewis 18 months after Plaintiff's DIB insured status expired. SSR 83-20, 1983 WL 31249, at *1. Plaintiff also relies on the fact that Dr. Lewis was the only treating physician to offer an opinion (Pl. Br. 11). However, Dr. Lewis did not begin to treat Plaintiff until six months after her DIB insured status expired (*see* Tr. 87, 636, duplicated at 651, 684 (Plaintiff established care with Dr. Lewis on September 25, 2012)). Plaintiff's representative acknowledged this fact (Tr. 131-32). Thus, regardless of his status as Plaintiff's treating physician, Dr. Lewis did not treat Plaintiff during the relevant time-period, and he did not render an opinion that applied to the relevant time-period. *Cf. Villalobos v. Colvin*, 544 F. App'x 793, 796 (10th Cir. 2013) (unpublished) (refusing to remand based on a doctor's opinion submitted only to the Appeals Council, where the doctor's diagnosis was not

retrospective); *Adams v. Chater*, 93 F.3d 712, 714-15 (10th Cir. 1996) ("While a treating physician may provide a retrospective diagnosis of a claimant's condition, a retrospective diagnosis without evidence of actual disability is insufficient." (quotation and citation omitted)). Here, the opinion was not retrospective and there was no evidence of actual disability during the period at issue in this case. Thus, the ALJ's determination that the opinion was entitled to "little" weight was reasonable.

And the ALJ explained that Dr. Lewis's October 2013 opinion was inconsistent with his own treatment notes, which showed that Plaintiff's physical and mental symptoms were controlled with medication, and were, at worst, "mild" (Tr. 87, 692 (Feb. 2014, anxiety symptoms controlled, functioning was not difficult; back pain stable and relieved by medication), Tr. 695 (Dec. 2013, anxiety symptoms fairly controlled, back and hip pain relieved with medication), Tr. 703 (Aug. 2013, low back pain and anxiety "controlled"), Tr. 706 (July 2013, low back pain and anxiety described as "well controlled")). *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); *see also Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (holding that the ALJ reasonably discounted treating physician opinion which was not supported by his own notes).

Thus, the ALJ articulated specific and valid reasons for giving Dr. Lewis's October 2013 opinion "little" weight (Tr. 87). *See Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) (stating that, in evaluating medical source opinions, the ALJ must provide a narrative

retrospective); *Adams v. Chater*, 93 F.3d 712, 714-15 (10th Cir. 1996) ("While a treating physician may provide a retrospective diagnosis of a claimant's condition, a retrospective diagnosis without evidence of actual disability is insufficient." (quotation and citation omitted)). Here, the opinion was not retrospective and there was no evidence of actual disability during the period at issue in this case. Thus, the ALJ's determination that the opinion was entitled to "little" weight was reasonable.

And the ALJ explained that Dr. Lewis's October 2013 opinion was inconsistent with his own treatment notes, which showed that Plaintiff's physical and mental symptoms were controlled with medication, and were, at worst, "mild" (Tr. 87, 692 (Feb. 2014, anxiety symptoms controlled, functioning was not difficult; back pain stable and relieved by medication), Tr. 695 (Dec. 2013, anxiety symptoms fairly controlled, back and hip pain relieved with medication), Tr. 703 (Aug. 2013, low back pain and anxiety "controlled"), Tr. 706 (July 2013, low back pain and anxiety described as "well controlled")). *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); *see also Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (holding that the ALJ reasonably discounted treating physician opinion which was not supported by his own notes).

Thus, the ALJ articulated specific and valid reasons for giving Dr. Lewis's October 2013 opinion "little" weight (Tr. 87). *See Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) (stating that, in evaluating medical source opinions, the ALJ must provide a narrative

explanation for any of the conclusions reached); *see also Pisciotta v. Astrue*, 500 F.3d 1074, 1077-78 (10th Cir. 2007) (finding an ALJ reasonably determined that a treating physician's opinions were not controlling and were entitled to little weight where the record provided "ample support" for the ALJ's decision, even though the ALJ did not discuss all the evidence which the court found supported his decision). As such, this court rejects Plaintiff's argument.

**C.     The ALJ did not err in assessing Plaintiff's subjective symptoms.**

The ALJ articulated sufficient reasoning, including citing to inconsistencies between Plaintiff's testimony and other evidence in the record, and relied upon proper factors in determining that, overall, Plaintiff's testimony was only partially credible. "'Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Miller v. Astrue*, 496 F. App'x 853, 857 (10th Cir. 2012) (quoting *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)). The ALJ evaluated Plaintiff's statements about the severity of her symptoms and reasonably found these statements not supported by the record as a whole (Tr. 86, 88).

The ALJ reasonably found that the relatively normal objective evidence—which demonstrated mild degenerative disc disease—did not support Plaintiff's assertions that she was unable to stand for more than a few minutes or walk a couple of blocks (Tr. 85-88, 122-23). *See* 20 C.F.R. § 404.1529(c)(4) ("we will evaluate your statements in relation to the objective medical evidence"); SSR 96-7p, 1996 WL 374186, at *6-7 (stating an ALJ may consider the

objective medical evidence in evaluating credibility); *see also Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (in assessing credibility, an ALJ may consider "the consistency or compatibility of nonmedical testimony with objective medical evidence"). MRIs and x-ray evidence showed degenerative changes. But the ALJ reasonably determined that these changes did not rise to Plaintiff's alleged level of disabling pain and limitations (Tr. 83, 85, 86). Instead, the evidence showed mild neural foraminal stenosis, small osteophytes, and degenerative disc disease (Tr. 317-18). Examinations showed normal gait, balance, and full motor strength (Tr. 85, 589, 609, 654, 660). And a November 2012 straight leg raise test was negative (Tr. 85, 631).

The ALJ also noted that Plaintiff was not prescribed and did not use an assistive device, despite her alleged limitations with standing and walking (Tr. 83). *See* 20 C.F.R. § 404.1529(c)(3)(v) (stating an ALJ must consider treatment other than medication), (c)(4) (stating an ALJ must consider inconsistencies in the evidence); *see also Luna v. Bowen,* 834 F.2d 161, 165-66 (10th Cir. 1987) (in evaluating credibility, ALJ may consider whether the claimant regularly uses crutches or a cane).

Here the ALJ articulated sufficient reasoning, including citing to inconsistencies between Plaintiff's testimony and other evidence in the record, and relied upon proper factors in determining that, overall, Plaintiff's testimony as to the extent of her limitations was only partially believable.

**D.    The ALJ did not err at step four by finding that Plaintiff could perform her past relevant work.**

Substantial evidence supports the ALJ's finding that Plaintiff could perform her past semi-skilled, light work as a deli clerk (sales clerk food) as generally performed in the national

economy and her past unskilled, light work as a hand packager as she actually performed it (Tr. 88-90; *see also* Tr. 129). Plaintiff's challenge reasserts her previous arguments pertaining to the ALJ's RFC, which this court did not find persuasive.

## CONCLUSION

This court concludes that the ALJ's decision in this matter is supported by substantial evidence in the record and that the correct legal standards were applied. As such, Plaintiff's arguments fail as a matter of law. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

Dated this 19th day of July, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge